O’CONNELL, Justice
(concurring specially).
It is my view that the petition of The Florida Bar requesting that Section 1, Article VIII of the Integration Rule he amended to permit the members of the Bar to raise the annual dues to a sum not exceeding $50.00 per year should be granted. I concur in the order permitting an increase to $37.50 because it is the only order to which a majority will agree.
Although every person who would practice law in this State is required to be a member of The Florida Bar, this Court has no authority to require that dues in any amount be paid. While as a practical matter the duties imposed upon the Bar by this Court, and others accepted and performed voluntarily by the lawyers of Florida through the Board of Governors, require the collection and expenditure of dues this Court does not determine the amount of the dues, only the maximum that may be charged. The Integration Rule requires that the dues to be paid be set by vote of the membership of the Bar at its annual meeting.
Notice of hearing on the instant petition was published in the November 1965 issue of The Florida Bar Journal. In that issue the President’s Page was devoted to a discussion of the need for increase in dues which would be permitted if the petition be granted.
Following this notice, this Court received almost a hundred letters and resolutions from individual lawyers, firms and voluntary associations of lawyers. The Board of Governors of the Junior Bar Section, The Florida Bar, filed a resolution urging approval of the petition.
All but five of the letters urged granting of the petition. Two voluntary associations opposed it by resolution.
At argument on the petition before this Court only counsel for the Florida Government Bar Association appeared to argue against granting the petition. This group argued that no increase in dues should be permitted except upon a referendum of all members of the Bar to be taken by mail. This suggestion, like true democracy, is appealing, but it is not a practical course.
The Florida Bar operates between its annual meetings through a Board of Governors elected directly by the lawyers of Florida under an apportionment formula that might well satisfy the federal courts. At the annual meetings every lawyer who will do so has the opportunity of participating directly in the business of the Bar, including the determination of dues to be imposed by the members on themselves. .Moreover, under procedures approved by this Court publication of and hearings on the budget of the Bar, and therefore on the expenditures of dues collected, are required to be held with full opportunity for all to be heard. All of this seems to guarantee the lawyers of Florida more direct participation in the affairs of the Bar than our representative democracy affords to us as citizens. To require a referendum on the matter of dues would deny this. If one ought to be required in this matter it ought to be also required in all other decisions- of *652 importance. This would destroy the effectiveness of The Florida Bar.
In the instant petition the Bar points out that at the annual meeting in 1965, the membership present by their vote directed the Board of Governors to proceed with the implementation of a client’s security fund; that the Bar now has the duty of investigating the unauthorized practice of law; that it has been called upon to perform increased functions in promoting improvement in the administration of justice in a number of efforts which entail considerable expense; that the expense involved in the disciplinary program has increased to the figure of $57,143.17 in 1965 which was about 25% of the total revenue from dues in that year; and that although 'almost self-supporting the widely acclaimed program of continuing legal education still requires some assistance from the genera'*-— Revenues of the Bar.
. Moreover, it is shown that the increase in dues due to addition of new members during the last five years averaged only $7,324.00, 'and a goodly portion of this increase is absorbed by the services rendered directly to the new members.
The Florida Bar neither specifies the projected cost of the new programs, the increased cost of existing ones, nor the figure which it will recommend that the membership adopt as dues for the 'year 1967. This is understandable since these are matters which the Board of Governors should develop in its budget and present to the membership at the time of voting on the increase. If the Board does not demonstrate a need for any increase it is safe to assume none will be voted. But if a need is shown there is every reason to believe that the lawyers of Florida will act to meet it. This Court should not deny them the right to do so.
It is therefore my opinion that the petition should be granted and that the members of The Florida Bar should have the power, acting in convention and after due notice, to fix annual dues in an amount not to exceed $50.00.
ROBERTS, J., concurs.